FILED
DALLAS COUNTY
5/2/2016 12:00:00 AM
FELICIA PITRE
DISTRICT CLERK
Jh'Mella Norman

2 CIT ES

CAUSE NO. DC-16-05135 _____

| | | |
|---|---|---|
| CORETTA TRAYLOR and<br>CURTIS TRAYLOR<br>    *Plaintiffs,*<br><br>v.<br><br>ALLSTATE FIRE AND CASUALTY<br>INSURANCE COMPANY and<br>TINA JOHNSON,<br>    *Defendants.* | § § § § § § § § § § § | IN THE DISTRICT COURT OF<br><br><br>DALLAS COUNTY, TEXAS<br><br><br>_____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION
### AND MOTION TO COMPEL MEDIATION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, CORETTA TRAYLOR and CURTIS TRAYLOR, hereinafter referred to as "Plaintiffs," complaining of ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY ("Allstate") and TINA JOHNSON ("Johnson") (hereinafter collectively referred to as "Defendants") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### I.   DISCOVERY CONTROL PLAN

1.  Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.   PARTIES

2.  Plaintiffs are individuals residing in Ellis County, Texas.


EXHIBIT B-1

3. Defendant Allstate is a foreign insurance company, organized and existing under the laws of Illinois, engaging in the business of insurance in the State of Texas. This Defendant may be served with process by serving its registered agent: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

4. Defendant Johnson is an individual residing in Oklahoma and may be served with process at the following address: 2103 N. 23rd W. Avenue, Tulsa, OK 74127.

5. The Clerk is requested to issue citations at this time.

### III.   JURISDICTION

6. Plaintiffs stipulate that the damages in this matter are $200,000 and $1,000,000, excluding interest and costs, and that the damages are within the jurisdictional limits of the Court. Plaintiffs contend that the determination of damages is within the sole discretion of the Judge and Jury, but makes this stipulation as required by TEX. R. CIV. P. 47.

7. The Court has jurisdiction over Defendant Allstate because this Defendant engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

8. The Court has jurisdiction over Defendant Johnson because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

### IV.   VENUE

9. Venue is proper in Dallas County, Texas, because Defendant Allstate's principal place of business in Texas is located in Dallas County, Texas. TEX. CIV. PRAC. REM. CODE § 15.002.

## V.     FACTS

10.     Plaintiffs are the owners of a Texas insurance policy (hereinafter referred to as "the Policy"), which was issued by Defendant Allstate. Plaintiffs own the insured property, which is specifically located at 2704 Lake Ridge Rd., Glenn Heights, Texas 75154 (hereinafter referred to as "the Property").

11.     Defendant Allstate sold the Policy insuring the Property to Plaintiffs.

12.     Plaintiffs experienced a storm event which caused substantial damage to the Property and constituted a covered loss under the Policy issued by Defendant Allstate. Defendant Allstate assigned a date of loss to Plaintiffs' claim of December 26, 2015. Plaintiffs subsequently opened a claim, and Defendant Allstate assigned Defendant Johnson to adjust the claim. Defendant Allstate wrongfully undervalued Plaintiffs' claim and refused to issue a full and fair payment for the loss.

13.     Defendant Johnson made numerous errors in estimating the value of Plaintiffs' claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiffs. Defendant Johnson's estimate was grossly undervalued and did not allow for adequate funds to cover the cost of repairs for all the covered damages sustained to the Property. On February 2, 2016, Defendant Johnson provided an estimate for the repair of the Property amounting to $504.01. This amount is a misrepresentation of the loss, as Defendant Johnson was objectively and subjectively aware of extensive damage to Plaintiffs' property, and Defendant Johnson made no effort to determine a fair estimate.

14.     Additionally, Defendant Johnson failed and refused to include the usual and customary charges for costs of materials, supplies, and labor charged by contractors in Ellis County for the repair, replacement, and restoration of the Property, resulting in the under-

estimation of Plaintiffs' claim. As a result of Defendant Johnson's conduct, Plaintiffs' claim was grossly underpaid.

15. Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy in effect during Plaintiffs' loss. Specifically, Defendant Allstate refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy in question had been carried out and accomplished by Plaintiffs. Defendant Allstate's conduct constitutes a breach of the insurance contract between Defendant Allstate and Plaintiffs.

16. Defendants misrepresented to Plaintiffs the extent of the damage to the Property, even though the damage was far more extensive than Defendants' misrepresentation and was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

17. Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, although Defendants were aware of their liability to Plaintiffs under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(2)(A).

18. Defendants failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendants provide any explanation for the failure

to adequately settle Plaintiffs' claim. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

19. Defendants failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

20. Defendants refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' loss on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

21. Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

22. Defendant Allstate failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Allstate's

conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

23. Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant Allstate has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for their claim. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 541.058.

24. From and after the time Plaintiffs' claim was presented to Defendant Allstate, the liability of Defendant Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Allstate has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

25. Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiffs.

26. As a result of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the law firm who is representing Plaintiffs with respect to these causes of action.

## VI.     CAUSES OF ACTION AGAINST DEFENDANT JOHNSON

27.     Defendant Johnson's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE § 541.151.

28.     Defendant Johnson is individually liable for her unfair and deceptive acts, irrespective of the fact that she was acting on behalf of Defendant Allstate, because individually, she meets the definition of a "person" as defined by TEX. INS. CODE § 541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). (*See also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

29.     Defendant Johnson's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(1).

30.     Defendant Johnson's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

31. The unfair settlement practice of Defendant Johnson as described above, of failing to promptly provide the Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

32. Defendant Johnson's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

33. Defendant Johnson's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

34. Defendant Johnson's conduct described above compelled Plaintiffs to initiate a lawsuit to recover amounts due under their policy by offering substantially less than the amount ultimately recovered. Defendant Johnson refused to even offer more than her own grossly undervalued estimates despite actual damages exceeding her evaluation. This continued failure compelled Plaintiffs to file suit. TEX. INS. CODE § 542.003(b)(5).

### VII. CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE

35. Defendant Allstate is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### A. BREACH OF CONTRACT

36. Defendant Allstate's conduct constitutes a breach of the insurance contract made between Defendant Allstate and Plaintiffs.

37. Defendant Allstate's failure and refusal, as described above, to pay the adequate compensation it is obligated to pay under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant Allstate's insurance contract with Plaintiffs.

### B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

38. Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE § 541.151.

39. Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(1).

40. Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

41. Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an

unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

42. Defendant Allstate's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

43. Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

44. Defendant Allstate's conduct described above compelled Plaintiffs to initiate a lawsuit to recover amounts due under their policy by offering substantially less than the amount ultimately recovered. Defendant Allstate refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiffs to file suit. TEX. INS. CODE § 542.003(b)(5).

C. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

45. Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

46. Defendant Allstate's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as

described above, constitutes a non-prompt payment of claims and a violation of the TEX. INS. CODE § 541.055.

47. Defendant Allstate's failure to notify Plaintiffs in writing of its acceptance or rejection of the claims within the applicable time constraints, constitutes a non-prompt payment of the claims within the applicable time constraints and a violation of the TEX. INS. CODE § 541.056.

48. Defendant Allstate's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claims. TEX. INS. CODE § 541.058.

D.  **BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

49. Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

50. Defendant Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant Allstate knew or should have known by the exercise of reasonable diligence that its liability was reasonable clear, constitutes a breach of the duty of good faith and fair dealing.

## VIII.  KNOWLEDGE

51. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

## IX. DAMAGES

52. Plaintiffs will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

53. For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, together with attorney's fees.

54. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiffs ask for three times Plaintiffs' actual damages. TEX. INS. CODE § 541.152.

55. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiffs' claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

56. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

57. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the law firm whose names is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## X. JURY DEMAND

58. Plaintiffs hereby request that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Dallas County, Texas.

## XI. REQUESTS FOR DISCLOSURE

59. Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose the information or material described in Rule 194.2(a)-(l). Defendants are required to furnish responses to such written discovery within fifty (50) days of receipt of service of such requests, pursuant to the Texas Rules of Civil Procedure.

## XII. MOTION TO COMPEL MEDIATION

60. Pursuant to section 541.161 of the Texas Insurance Code, Plaintiffs move this Court for an order compelling the mediation of this dispute.

## XIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**HAUN LAW FIRM**

By: /s/ *Ryan K. Haun*
    RYAN K. HAUN
    State Bar No.: 24055634
    1201 Shepherd Drive
    Houston, Texas 77007
    (713) 828-5056- Telephone
    (713) 621-5900- Fax
    ryan@haunlawfirm.com

    **ATTORNEY FOR PLAINTIFFS**

**REED & TERRY, LLP**

By: /s/ *Travis B. Terry*
    Travis B. Terry
    State Bar No. 00788518
    56 Sugar Creek Center Blvd., Ste. 300
    Sugar Land, TX  77478
    (281) 491-5000 - Telephone
    (281) 491-5055 – Facsimile
    travis@reedterrylaw.com

    **ATTORNEY FOR PLAINTIFFS**